UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARRON LAIR, | Case No. 2:25-cv-00039-APG-MDC |
| Plaintiff | **ORDER** |
| v. | |
| DR. KSENIA STAFEEVA, et al., | |
| Defendants | |

On July 17, 2025, the Court entered a screening order allowing Plaintiff's Eighth Amendment medical-indifference claim about keratoconus eye condition to proceed against Kenneth Williams, John Doe 3 HDSP Chief Nurse, and John Doe 5 HDSP Optometrist; and granting Plaintiff until August 19, 2025, to file an amended complaint to replead his Fourteenth Amendment equal-protection claims and substitute the true names of John Doe 3 and John Doe 5. (ECF No. 4). Plaintiff did not file an amended complaint by the deadline, but instead filed a notice asking to correct John Doe 3's and John Doe 5's names. (ECF No. 9). Plaintiff also moved the Court to appoint him a free attorney. (ECF No. 8). For the reasons discussed below, the Court denies without prejudice Plaintiff's motion to be appointed counsel, construes his notice to correct names as a motion to substitute the Doe defendants' true names and grants him that relief, confirms that claims will proceed as stated in the screening order, stays this action for 90 days, and refers this matter to the Court's Inmate Early Mediation ("IEM") program.

I.   **DISCUSSION**

   A.   **Notice to Correct Names**

Plaintiff's notice to correct asks the Court to replace John Doe 3 HDSP Chief Nurse with the first name George and John Doe 5 HDSP Optometrist with Dr. Hernandez. (ECF No. 9). In screening Plaintiff's original complaint, the Court allowed the Eighth Amendment medical-indifference claim about keratoconus eye condition to proceed against John Doe 3 and John Doe 5 when he "discovers their true names and substitutes

them as defendants in this action." (ECF No. 4 at 9). Considering the foregoing, Plaintiff's notice to correct names is construed as a motion to substitute true names for these Doe defendants and, so construed, is granted.

**B.     Motion for Appointed Counsel**

Plaintiff moves the Court to find and appoint him a free attorney, arguing with an unmodified form motion that the matters at issue here are complex, and he has limited experience litigating claims. (ECF No. 8). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The statute that governs this type of litigation, 28 U.S.C. § 1915(e)(1), provides that "[t]he court may request an attorney to represent any person unable to afford counsel." But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (cleaned up). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff has not shown exceptional circumstances warranting the appointment of counsel. Lack of legal knowledge is commonly experienced by inmates prosecuting claims and does not constitute an exceptional circumstance. The matters currently at issue in this action are not particularly complex, and Plaintiff has demonstrated an ability to articulate a colorable claim for relief under one theory of liability on a pro se basis. Moreover, the Court cannot conclude on this record that Plaintiff is likely to prevail on the merits of his claim. So the motion for appointed counsel is denied without prejudice.

**C.     Certain claims proceed and this action is stayed and referred to IEM.**

Plaintiff has applied to proceed *in forma pauperis* ("IFP") in this action. (ECF No. 1). On July 17, 2025, the Court issued a screening order permitting one claim to proceed, dismissing the other claims with leave to amend by August 19, 2025, and deferring ruling on Plaintiff's IFP application. (ECF No. 4). The Court specifically stated that if Plaintiff did

not file an amended complaint by the deadline, this action would proceed on only the Eighth Amendment medical-indifference claim about keratoconus eye condition. Because that deadline expired without Plaintiff filing an amended complaint, this action will proceed on only the Eighth Amendment medical-indifference claim about keratoconus eye condition against Kenneth Williams, George, and Dr. Hernandez.

## II.   CONCLUSION

It is therefore ordered that Plaintiff's notice to correct names (ECF No. 9) is construed as a motion to substitute George for John Doe 3 HDSP Chief Nurse and Dr. Hernandez for John Doe 5 HDSP Optometrist and, so construed, is granted.

It is further ordered that the motion for appointed counsel (ECF No. 8) is denied without prejudice.

It is further ordered that, consistent with the Court's screening order (ECF No. 4), this action will proceed on only the Eighth Amendment medical-indifference claim about keratoconus eye condition against Kenneth Williams, George, and Dr. Hernandez.

It is further ordered that, given the nature of the claim that the Court has permitted to proceed, this action is stayed for 90 days to allow Plaintiff and Defendants an opportunity to settle their dispute before the Court will determine whether to grant Plaintiff's IFP application, the $350 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so. The Court will refer this case to the IEM program, and the Court will enter a subsequent order about that matter. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General will file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered before the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants

to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

It is further ordered that "settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

It is further ordered that if the case does not settle, then the Court will determine whether to grant Plaintiff's IFP application. Plaintiff will be required to pay the full $350 statutory filing fee for a civil action regardless of whether the Court grants his IFP application. This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting the application. If Plaintiff is allowed to proceed IFP, the fee will be paid in installments from his prison trust account. *See* 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed IFP, the full $350 statutory filing fee for a civil action plus the $55 administrative filing fee, for a total of $405, will be due immediately.

It is further ordered that if any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" no later than 21 days before the date set for mediation. The responding party will have 7 days to file a response. No reply will be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

It is further ordered that if Plaintiff needs an interpreter to participate in the mediation program, he will file a notice identifying the interpretation language and the need for the interpreter within 30 days from the date of this order.

It is further ordered that the Attorney General's Office will advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of settlement.  No defenses or objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance.

And the Clerk of Court is directed to accomplish the following tasks:

    1.  Substitute George for John Doe 3 HDSP Chief Nurse;

    2.  Substitute Dr. Hernandez for John Doe 5 HDSP Optometrist; and

    3.  Add the Nevada Department of Corrections to the docket as an Interested Party and electronically provide a copy of this order and copies of all items previously filed in this case by regenerating the Notices of Electronic Filing on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the interested party on the docket (this does not indicate acceptance of service).

DATED: September 5, 2025

_____
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ARRON LAIR,

                     Plaintiff

v.

DR. KSENIA STAFEEVA, et al.,

                     Defendants

Case No. 2:25-cv-00039-APG-MDC

**REPORT OF ATTORNEY GENERAL RE: RESULTS OF 90-DAY STAY**

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM. THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____, the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report ninety (90) days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

    ____ A mediation session with a court-appointed mediator was held on _____, and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

    ____ A mediation session with a court-appointed mediator was held on _____, and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

    ____ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box

|     |     |
| --- | --- |
| 1   | *is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*) |
| 2   |     |
| 3   |     |
| 4   | \_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____. |
| 5   | \_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session. |
| 6   |     |
| 7   | \_\_\_\_   None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case. |
| 8   |     |
| 9   |     |
| 10  | **Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.] |
| 11  |     |
| 12  |     |
| 13  | \_\_\_\_   The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*) |
| 14  |     |
| 15  |     |
| 16  |     |
| 17  | \_\_\_\_   The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action. |
| 18  |     |
| 19  | \_\_\_\_   The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action. |
| 20  |     |
| 21  | \_\_\_\_   None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case. |
| 22  |     |
| 23  |     |
| 24  | Submitted this _____ day of _____, _____ by: |
| 25  | Attorney Name: _____      _____ |
| 26  | Print                                            Signature |
| 27  | Address: _____      Phone:_____ |
| 28  | _____      Email:_____ |